Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000125
17-MAY-2013
09:36 AM

NO. CAAP-12-0000125

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MATHEU HONGEL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1242)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Matheu Hongel ("Hongel") appeals from the Judgment of Conviction and Sentence, filed on February 3, 2012, in the Circuit Court of the First Circuit ("Circuit Court").[1] A jury convicted Hongel of one count of Attempted Murder in the Second Degree in violation of Hawaii Revised Statutes ("HRS") §§ 705-500 and 707-701.5 (1993).[2] Hongel was sentenced to a life term of imprisonment with the possibility of parole.

On appeal, Hongel contends that there was not substantial evidence to support the jury's conclusion that he failed to establish, by a preponderance of the evidence, his affirmative defense of physical or mental disease, disorder, or defect.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we

_____

[1]    The Honorable Richard W. Pollack presided.

[2]    HRS § 705-500 defines Criminal Attempt, while § 707-701.5 defines Murder in the Second Degree. *See* HAW. REV. STAT. § 705-500 (1993); § 707-701.5 (1993) ("Except as provided in section 707-701 [Murder in the First Degree], a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.").

resolve Hongel's point of error as follows:

Contrary to Hongel's claim, there was substantial evidence that he failed to prove his affirmative defense of mental disease, disorder, or defect pursuant to HRS § 704-400.[3/] "[A] defendant claiming lack of penal responsibility 'has the burden of going forward with the evidence to prove facts constituting the defense and of proving such facts by a preponderance of the evidence.'" *State v. Uyesugi*, 100 Hawai'i 442, 456, 60 P.3d 843, 857 (2002) (quoting *State v. Fukusaku*, 85 Hawai'i 462, 481, 946 P.2d 32, 51 (1997)). We will affirm a conviction notwithstanding such a claim if there is substantial evidence to support the jury's finding that the defendant did not prove that affirmative defense by a preponderance of the evidence. *State v. Young*, 93 Hawai'i 224, 231, 999 P.2d 230, 237 (2000). Self-induced non-pathological intoxication is not a physical or mental disease, disorder, or defect. *See* HAW. REV. STAT. § 702-230 (1993).

Here, considering the evidence in the strongest light for the prosecution, *see State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence to support the jury's conclusion that Hongel failed to prove his affirmative defense by a preponderance of the evidence. Three experts, each having met with Hongel and, to varying degrees, reviewed his personal and mental health history, testified regarding Hongel's mental health and his use and abuse of alchohol.

---

[3/]   HRS § 704-400 provides:

      (1)  A person is not responsible, under this Code, for conduct if at the time of the conduct as a result of physical or mental disease, disorder, or defect the person lacks substantial capacity either to appreciate the wrongfulness of the person's conduct or to conform the person's conduct to the requirements of law.

      (2)  As used in this chapter, the terms "physical or mental disease, disorder, or defect" do not include an abnormality manifested only by repeated penal or otherwise anti-social conduct.

HAW. REV. STAT. § 704-400 (1993); *see also id.* cmt. (accepting the view that impairment by disease, disorder, or defect of either volitional or cognitive capacities relieves a defendant of penal responsibility); § 704-402(1) (1993) ("Physical or mental disease, disorder, or defect excluding responsibility is an affirmative defense.").

While Drs. Robinson and Altman discussed the possibility of various diseases causing impairment of Hongel's cognitive and volitional capacities, Dr. Cunningham concluded that alcohol use was the sole cause of Hongel's conduct at the time of the incident.  He concluded that Hongel's cognitive capacity was impaired by voluntary alcohol ingestion rather than a mental disorder given what he described as a lack of evidence that Hongel experienced hallucinations at the time of the alleged assault.

It was for the jury to determine, which, if any, of these witnesses were more credible.  *See State v. Martinez*, 101 Hawaiʻi 332, 340, 68 P.3d 606, 614 (2003).  The jury heard testimony regarding both Hongel's voluntary intoxication and the absence of hallucinatory or delusional symptoms at the time of the assault.  This is substantial evidence from which a juror could reasonably find that Hongel's cognitive and volitional capacities were not substantially impaired by a mental disease, disorder, or defect.  *See Young*, 93 Hawaiʻi at 231, 999 P.2d at 237.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on February 3, 2012 in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 17, 2013.


On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3